## MALGOR GONZÁLEZ & COMPANY, S. en C., in Behalf and for the Benefit of BERNABE PÉREZ, Libellants,

### *v.*

## ROYAL INSURANCE COMPANY, Limited, Respt.

---

### Ponce, Admiralty, No. 1524.

#### MARINE INSURANCE.

Admiralty—Libel by Party Making Contract for All.

1. In a proceeding in admiralty where a contract is originally made by one person and in his name alone, but there are other persons who have actual interest in the property alleged to have been lost, it is proper for the libel to be filed in the name of the person making the contract on behalf of and for the benefit of the others.

Admiralty—Libel Should State Loss Insured against.

2. In an admiralty proceeding which seeks to recover damages for goods which are alleged to have been lost, and covered by insurance, it should be alleged in the libel whether the policy was issued against general average losses, particular average losses, or total loss, of ship and cargo.

Admiralty—Verification by Stranger—Exception.

3. Where in an admiralty proceeding the libel is verified, but by some person who is not shown to be in any way connected with the libellants, or any of them, either as agent or counsel, the libel is defective, and an exception thereto should be sustained.

Opinion filed February 7, 1922.

Gonzáles & Co. v. Royal Ins. Co.

*Mr. E. B. Wilcox* for plaintiff.

*Mr. O. B. Frazer* for defendant.

---

ODLIN, Judge, delivered the following opinion:

In this case the court granted an order on January 24, 1922, and thereafter counsel for the libellants applied for a rehearing, which the court granted, and this case has been argued at length by counsel for the libellants and by counsel for the Royal Insurance Company, not only orally, but by elaborate briefs. The court, having reconsidered this case, is of the opinion that there was error in the order of the court signed on January 24th, and the court therefore now proceeds to discuss the six exceptions to the libel which were filed on January 4, 1922.

The first exception is based upon the claim that this suit is not brought in the name of the real party in interest. This exception is overruled for the reasons stated in the order and opinion this day filed in admiralty case No. 1523.

The second exception is based upon the claim that it appears from the reading of the libel herein that the libellant (presumably Malgor González & Company, but not named) had no insurable interest in the goods alleged to have been insured, at the time of the loss thereof. The court is of the opinion that this suit is lawfully brought for the benefit of Bernabe Pérez in the name of Malgor González & Company; and therefore exception two is overruled. For a more extended explanation of the reason of the court's ruling, reference is had to the order

and opinion of the court signed this day in admiralty case No. 1523.

We now come to the third exception, which is based upon the claim that the libel fails to state a cause of action against the Royal Insurance Company, inasmuch as the alleged representations of the agent of said insurance company as to their authority as such agents are not binding upon the said insurance company, and that the allegation of such authority must be made directly. This exception must be sustained for the reasons set forth in the order this day signed with respect to admiralty case No. 1523.

We now come to exception number four, which is based upon the claim that it appears from the libel that a portion of the merchandise alleged to be insured was saved, and it therefore appears from the libel itself that the libellants are not in any event entitled to recover the face value of the policy. An examination of the libel shows that a decree for the sum of five thousand six hundred dollars ($5,600) is prayed for by counsel for the libellants, and of course under no circumstances can a recovery be had in excess of that amount. The court fails to find any statement in the libel as to what is the face value of the policy. Inasmuch as there is no prayer for a recovery for the face value, exception four must be overruled.

We now come to the fifth exception, which is based upon the claim that the libel fails to set forth the conditions of the insurance policy therein mentioned with sufficient clearness, in that the libel does not show whether the said policy insured against general average losses or particular average losses or only total loss of ship and cargo. The court is of the opinion that this exception is well taken and must be sustained in ac-

Gonzáles & Co. v. Royal Ins. Co.

cordance with a ruling made this day by the court in admiralty case No. 1523 [post, 392].

The closing exception is number six and is based upon the fact that it does not appear from the said libel that it is verified by the oath of the libellant, as required by the admiralty rules. The court has examined the libel and finds that it is verified by one Salvador Font, but there is nothing to show that Salvador Font is in any way connected with the libellants or any of them, either as agent or counsel. The court therefore is obliged to sustain exception number six.

It is Therefore Ordered that exceptions one, two, and four are overruled, and that exceptions three, five, and six are sustained. Counsel for the libellants is allowed until Monday, February 27, 1922, in which to file an amended libel in this proceeding, if he shall so desire, copy thereof to be served upon counsel for the Royal Insurance Company.

Done and Ordered at the city of Ponce, Porto Rico, this 7th day of February, 1922.